UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PETER RINALDI, :

Plaintiff,

-against-

NICE LTD., BARAK EILAM, NICE SYSTEMS, INC., ACTIMIZE, PAUL MILLS, CHRISTINE BONAMARTE, RICHARD MALISH,

Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
19-CV-424 (LGS) (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Plaintiff Peter Rinaldi's ("Rinaldi") proceeding pro se has made a motion pursuant to Rule 37(a)(3)(B)(4) of the Federal Rules of Civil Procedure. See Docket Entry No. 112. Through the motion, Rinaldi seeks an order compelling SAP SuccessFactors, Inc. ("SAP"), which is not a party to this action, "to produce documents responsive to Plaintiffs' [sic] Request for the Production of Documents." SAP opposes the motion, which it contends pertains to a subpoena issued on behalf of Rinaldi.

In this judicial district,

> [e]xcept for letter-motions, as permitted by Local Rule 7.1(d) . . . all motions shall include the following motion papers: (1) A notice of motion, . . . .which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion; 2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and 3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion. . . . Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all oppositions and replies with respect to motions shall comply with Local Civil Rule 7.1(a)(2) and (3) above.

Local Civil Rule 7.1(a), (b).

Rinaldi failed to comply with Local Civil Rule 7.1 of this court. He did not submit to the Court,

in connection with the instant motion, "[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion." Local Civil Rule 7.1(a). Accordingly, the motion is procedurally defective and may be denied on that basis. See, e.g., Chieco v. In'tl Broth. of Teamsters, 175 F.R.D. 467 (S.D.N.Y. 1997). The Court is mindful that Rinaldi is proceeding pro se in this action; however, " pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006)(internal quotation marks and citation omitted).

In like manner, SAP also failed to submit an affidavit[s] and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion as part of its opposition to Rinaldi's motion to compel. Instead, SAP attached, improperly, an exhibit to its memorandum of law. The Court observed that SAP and Rinaldi made factual assertions through their respective memoranda of law; but a memorandum of law is not evidence, see Giannullo v. City of New York, 322 F.3d 139, 142 (2d Cir.2003), and cannot substitute for the affidavit requirement outlined in Local Civil Rule 7.1(a)(3). As Rinaldi's motion to compel does not comply with the court's Local Civil Rules, granting it is not warranted.

**CONCLUSION**

For the reasons set forth above, the motion to compel, Docket Entry No. 112, is denied.

**The Clerk of Court is directed to mail a copy of this Memorandum and Order to the plaintiff.**

Dated: New York, New York
April 20, 2020

SO ORDERED:

Kevin Nathaniel Fox

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE