UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETER RINALDI,                                        :
                              Plaintiff,     :
                                           :
             -against-                            :        19 Civ. 424 (LGS)
                                           :
NICE, LTD., et al.,                                    :        OPINION & ORDER
                            Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       Defendants NICE, Ltd., NICE Systems, Inc., Actimize, Barak Eilam, Paul Mills, Christine Bonamarte and Richard Malish move to dismiss this action pursuant to Rule 12(c). Pro se Plaintiff Peter Rinaldi's remaining claims are that he was discharged in retaliation for whistleblower activity in violation of (1) the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6(a)(6) ("Dodd-Frank"), (2) the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514(a)(1) ("Sarbanes-Oxley"), and (3) New York Labor Law § 740 ("Section 740"). For the following reasons, the motion to dismiss is granted.

I.    BACKGROUND

       The following facts are taken from the Amended Complaint and documents attached to, or incorporated by reference in, the Amended Complaint. The facts are construed in the light most favorable to Plaintiff as the non-moving party and presumed to be true for the purpose of this motion. *See Lynch v. City of N.Y.*, 952 F.3d 67, 75 (2d Cir. 2020).

       Plaintiff was employed by Actimize and/or Actimize's parent companies NICE Systems, Inc., and NICE, Ltd., from April 17, 2017, until November 30, 2018. Plaintiff worked in his employer's Hoboken, New Jersey, office and at his home office in New York, New York. Plaintiff worked as a "Pre Sales Engineer" selling software.

On November 30, 2018, Plaintiff met with his direct manager, Defendant Mills, and HR representative, Defendant Bonamarte, who told him he was being discharged. Plaintiff believes he was discharged because he questioned the effectiveness of the company's software and voiced his concerns within the company.

Plaintiff learned that "NICE Actimize" introduced millisecond monitoring "of trade messages" in or around 2018, meaning that surveillance algorithms "NICE Actimize" sold prior to that point in 2018 "did not capture most stock market manipulation." An employee who deployed the monitoring software referred to it as "vaporware" -- "fictitious software that is not functional and cannot be deployed." Plaintiff began to question continually the software, and in the last six months of 2018 he was included in fewer and fewer meetings. He eventually was excluded from all meetings, and his direct manager, Defendant Mills, became less engaged during one-on-one meetings.

## II. STANDARD

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that [for granting] a Rule 12(b)(6) motion for failure to state a claim." *Lynch*, 952 F.3d at 75 (internal quotation marks omitted). On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Montero v. City of Yonkers, New York*, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (internal quotation marks omitted). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  A pro se litigant's papers must be construed "liberally to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks omitted); *accord Greene v. Sampson*, No. 18 Civ. 6103, 2021 WL 355477, at *3 (S.D.N.Y. Feb. 2, 2021).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  A Rule 12(c) motion asserting that a court lacks subject matter jurisdiction is governed by the Rule 12(b)(1) standard. *Romero v. Comm'r of Soc. Sec.*, No. 17 Civ. 5872, 2018 WL 794606, at *2 (S.D.N.Y. Feb. 8, 2018); *cf. Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (noting that a motion to dismiss for one of the non-waivable defenses under Rule 12(h) filed after the close of the pleadings should be construed as a Rule 12(c) motion).  In evaluating a motion to dismiss that is based solely on the allegations of the complaint, a plaintiff has no evidentiary burden, and the task of a district court is to determine whether the complaint and exhibits attached to it allege facts that "affirmatively and plausibly suggest that [the plaintiff] has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (internal quotation marks omitted); *accord Massone v. Washington*, No. 20 Civ. 7906, 2021 WL 3863081, at *2 (S.D.N.Y. Aug. 30, 2021).

### III.   DISCUSSION

#### A.   Whistleblower Retaliation in Violation of Dodd-Frank

Dodd-Frank defines a whistleblower as "any individual who provides . . . information relating to a violation of the securities laws to the [SEC]." 15 U.S.C. § 78u-6(a)(6). Dodd-Frank contains a provision that prohibits retaliation against a whistleblower. *See* 15 U.S.C. § 78u-6(h). To sue under this provision, a person must first provide to the SEC information relating to a violation of the securities laws. *Digit. Realty Tr. v. Somers*, 138 S. Ct. 767, 772-73 (2018). To state a claim under the Dodd-Frank retaliation provision, "a plaintiff must allege facts showing (1) that the plaintiff engaged in a protected activity, (2) that the plaintiff suffered an adverse employment action, and (3) that the adverse action was causally connected to the protected activity." *Cellucci v. O'Leary*, No. 19 Civ. 2752, 2020 WL 977986, at *10 (S.D.N.Y. Feb. 28, 2020) (internal quotation marks omitted).

The Amended Complaint fails to plead a violation of Dodd-Frank's whistleblower retaliation provision. The Amended Complaint pleads no facts that Plaintiff reported a violation of securities laws to the SEC, and it does not plead any facts suggesting a violation of the securities laws. Because the Amended Complaint does not plead any facts suggesting that Plaintiff made a report to the SEC, it cannot plead that Plaintiff's discharge was causally connected to any protected activity. *See Cellucci*, 2020 WL 977986, at *10-11 (dismissing Dodd-Frank whistleblower retaliation claim for failure to allege that (1) plaintiff engaged in protected activity and (2) Defendants were aware of protected activity). The Dodd-Frank whistleblower retaliation claim is dismissed.

#### B.   Whistleblower Retaliation in Violation of Sarbanes-Oxley

Sarbanes-Oxley provides whistleblower protection for an employee who:

> provide[s] information, cause[s] information to be provided, or otherwise assist[s] in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders . . . .

*Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 219 (2d Cir. 2014) (quoting 18 U.S.C. § 1514A(a)(1)) (alterations in original).  For a federal court to have jurisdiction over a Sarbanes-Oxley whistleblower retaliation claim, a plaintiff must first exhaust administrative remedies by filing a complaint with the Secretary of Labor.  *Daly v. Citigroup Inc.*, 939 F.3d 415, 427-28 (2d Cir. 2019).  The Secretary of Labor has delegated the responsibility for adjudicating Sarbanes-Oxley whistleblower retaliation claims to the Occupational Safety and Health Administration ("OSHA").  *Daly*, 939 F.3d at 427.  To state a whistleblower retaliation claim under Sarbanes-Oxley a plaintiff must allege that "(1) he or she engaged in a protected activity; (2) the employer knew that he or she engaged in the protected activity; (3) he or she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action." *Nielsen*, 762 F.3d at 219 (internal quotation marks omitted).

The Amended Complaint does not allege, and Plaintiff does not argue, that he exhausted his administrative remedies by filing a complaint with the Secretary of Labor or OSHA.  Because the Complaint does not allege any facts to suggest that Plaintiff exhausted his administrative remedies, there is no jurisdiction over Plaintiff's Sarbanes-Oxley whistleblower claim.  *See Daly*, 939 F.3d at 429 (upholding the dismissal of a Sarbanes-Oxley whistleblower claim under Rule 12(b)(1) where a plaintiff failed to exhaust administrative remedies).  Plaintiff's Sarbanes-Oxley claim is dismissed for lack of jurisdiction.

### C. Whistleblower Retaliation in Violation of New York Labor Law § 740

Section 740 of the New York Labor Law protects an employee who discloses "an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety, or which constitutes health care fraud." N.Y. Lab. Law § 740(2)(a). To prevail under Section 740, a plaintiff must prove that an actual violation occurred and that the violation "creates a substantial and specific danger to the public health or safety." *Webb-Weber v. Cmty. Action for Hum. Servs., Inc.*, 15 N.E.3d 1172, 1174 (N.Y. 2014); *accord Coyle v. Coll. of Westchester, Inc.*, 87 N.Y.S.3d 242, 244 (2d Dep't 2018). At the motion to dismiss stage, a plaintiff does not need to allege the "specific law, rule, or regulation that the defendant allegedly violated" but should allege a "substantial and specific danger to the public health or safety resulting from" the alleged violation. *Coyle*, 87 N.Y.S.3d at 244.

The Amended Complaint does not plead a violation of Section 740. The Amended Complaint states that NICE's CEO, Defendant Eilam, "failed to administer an effective business code of ethics policy that would protect an[] employee speaking out against fraudulent software." Neither this allegation nor any other allegation in the Amended Complaint sufficiently pleads that Defendants violated a law, rule or regulation or took any action that presented a substantial and specific danger to public health or safety or constituted health care fraud. The Section 740 claim is dismissed.

### IV. LEAVE TO AMEND

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). Ordinarily, a pro se Plaintiff is given an opportunity to amend a complaint; however, even when "special solicitude" is afforded to pro se pleadings, leave to amend is not required if it would be

6

futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *accord Weidrick v. Trump*, No. 20 Civ. 1057, 2020 WL 2061489, at *2 (S.D.N.Y. Apr. 27, 2020). "[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cnty. Of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Dominguez v. Taco Bell Corp.*, No. 19 Civ. 10172, 2020 WL 3263258, at *6 (S.D.N.Y. June 17, 2020).

Here, a second opportunity to amend the Complaint would not likely cure the deficiencies raised. However, if Plaintiff believes he can cure the deficiencies identified in this Opinion and Order, he shall file a letter by October 12, 2021 seeking leave to amend. At a minimum, the letter should state additional facts that would plausibly show the following:

- As to the Dodd-Frank claim: (1) the date that Plaintiff informed the SEC of his concerns prior to his discharge, (2) that Plaintiff informed the SEC through its website or by mailing or faxing a Form TCR (Tip, Complaint or Referral) to the SEC Office of the Whistleblower, *see* 17 C.F.R. § 240.21F-9 (2019), (3) the substance of the Plaintiff's communication to the SEC, (4) how Defendants became aware of Plaintiff's report to the SEC and (5) that Plaintiff believes a violation of the securities laws occurred and the basis for that belief, including who violated the securities law, how and when.

- As to the Sarbanes-Oxley claim: (1) that Plaintiff exhausted his whistleblower retaliation claim by filing a complaint with OSHA, including when he filed the complaint, (2) that OSHA had 180 days to adjudicate his claim, *see* 18 U.S.C. § 1514A(b)(1)(B), and the outcome of any adjudication and (3) that Plaintiff believes a violation of one of the antifraud or securities laws listed in Sarbanes-Oxley occurred and the basis for that belief, including which provision was violated, by whom, when and how it was violated.

7

- As to the Section 740 claim: (1) that Plaintiff believes a violation of law, rule or regulation occurred and the basis for that belief, (2) whether and how the violation creates a substantial and specific danger to the public health or safety, or constitutes health care fraud and (3) how Plaintiff's disclosure or threatened disclosure of that violation is connected to his discharge.

## V. CONCLUSION

Defendant's motion to dismiss is GRANTED. Plaintiff may seek leave to replead by October 12, 2021 consistent with the instructions above.

The Clerk of Court is respectfully directed to close Dkt. No. 161 and to mail a copy of this Opinion and Order to pro se Plaintiff.

Dated: September 21, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE