

MANDATE

21-2630
Rinaldi v. Mills

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# **SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1       At a stated term of the United States Court of Appeals for the Second Circuit,
2 held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of
3 New York, on the 7th day of December, two thousand twenty-two.
4
5 **PRESENT:**
6         **PIERRE N. LEVAL,**
7         **REENA RAGGI,**
8         **MYRNA PÉREZ,**
9         *Circuit Judges.*
10 _____
11
12 **Peter Rinaldi,**
13
14         *Plaintiff-Appellant,*
15
16       **v.**                        **No. 21-2630**
17
18 **Paul Mills, NICE, Christine Bonamarte, NICE**
19 **Systems, Inc., NICE-Actimize, Richard Malish,**
20 **Barak Eilam,**
21
22         *Defendants-Appellees,*
23
24 **NICE Ltd, Barak Eiliam,**
25
26         *Defendants.*
27
28 _____
29
30
31 **FOR PLAINTIFF-APPELLANT:**         Peter Rinaldi, pro se, New York, NY.
32

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 28 2022

MANDATE ISSUED ON 12/28/2022

1  **FOR DEFENDANTS-APPELLEES:**          David W. Garland, Elizabeth Houghton,
2                                          Epstein Becker & Green, P.C., New York,
3                                          NY.
4

5       Appeal from a judgment of the United States District Court for the Southern District of

6  New York (Lorna G. Schofield, *J.*)

7       **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

8  **DECREED** that the judgment of the district court entered on October 20, 2021 is **AFFIRMED.**

9       Plaintiff Peter Rinaldi, proceeding pro se, appeals from an award of summary judgment to

10  Defendants on his age discrimination claims under the Age Discrimination in Employment Act of

11  1967 ("ADEA"),[1] the New York State Human Rights Law ("NYSHRL"),[2] and the New York

12  City Human Rights Law ("NYCHRL"),[3] and his nonpayment of incentive pay claim under the

13  New York Labor Law ("NYLL").[4]  He also appeals from the district court's judgment on the

14  pleadings dismissing his whistleblower claims under the 2010 Dodd-Frank Wall Street Reform

15  and Consumer Protection Act ("Dodd-Frank"),[5] the Sarbanes-Oxley Act of 2002 ("Sarbanes-

16  Oxley"),[6] and the NYLL,[7] and from various discovery and scheduling orders.  We assume the

17  parties' familiarity with the underlying facts, the procedural history of the case, and the issues on

18  appeal, which we reference only as necessary to explain our decision to affirm.

---

[1] 29 U.S.C. §§ 621, *et seq.*
[2] N.Y. Exec. Law §§ 290, *et seq.*
[3] N.Y.C. Admin. Code §§ 8-101, *et seq.*
[4] N.Y. Lab. Law §§ 191(1)(c) & 193.
[5] 15 U.S.C. § 78u-6.
[6] 18 U.S.C. § 1514A.
[7] N.Y. Lab. Law § 740.

1        **I.        Employment Discrimination Claims**

2        We review de novo a district court's award of summary judgment.   *See Garcia v. Hartford*

3    *Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013).   Age discrimination claims under the ADEA

4    and NYSHRL are evaluated under the *McDonnell Douglas* burden-shifting framework.   *See*

5    *Sutera v. Schering Corp.*, 73 F.3d 13, 16 & n.2 (2d Cir. 1995) (citing *McDonnell Douglas Corp.*

6    *v. Green*, 411 U.S. 792, 802–04 (1973)).   Under that framework, after a plaintiff establishes a

7    prima facie case of discrimination by evidence minimally supporting an inference of

8    discrimination, *see Littlejohn v. City of New York*, 795 F.3d 297, 307–308 (2d Cir. 2015), the

9    defendant must articulate a legitimate, non-discriminatory reason for the plaintiff's termination,

10   *see Sutera*, 73 F.3d at 16.   If the defendant does so, the burden shifts back to the plaintiff to show

11   that his age was the "but-for" cause of the adverse employment action.   *See McDonnell Douglas*,

12   411 U.S. at 802–04; *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010).

13       Here, the parties do not dispute that Rinaldi established a prima facie case of age

14   discrimination, nor that Defendants offered a legitimate, non-discriminatory reason for terminating

15   Rinaldi's employment—namely, dissatisfaction with his work performance.   Accordingly, our

16   inquiry focuses on whether Rinaldi has raised sufficient evidence upon which a reasonable

17   factfinder could conclude by a preponderance of the evidence that his age was a "but-for" cause

18   of his termination.   *See Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 168–69 (2d Cir. 2014).

19       Setting aside any unsupported and speculative claims, *see Davis v. New York*, 316 F.3d 93,

20   100 (2d Cir. 2002), Rinaldi's strongest evidence of age discrimination is that his supervisor said

21   he was being fired for not "fitting in" or "catching on" like his younger colleague.   Without more,

22   this comment is not enough to prove age discrimination.   *See Carlton v. Mystic Transp., Inc.*, 202

3

1    F.3d 129, 136 (2d Cir. 2000) (explaining that "evidence of one stray comment by itself is usually

2    not sufficient proof to show age discrimination").    Further, the evidence is particularly

3    unpersuasive here because the same supervisor also hired Rinaldi less than two years earlier.   *See*

4    *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 560 (2d Cir. 1997) ("[W]hen the person who made

5    the decision to fire was the same person who made the decision to hire, it is difficult to impute to

6    her an invidious motivation that would be inconsistent with the decision to hire . . . especially . . .

7    when the firing has occurred only a short time after the hiring.").

8         NYCHRL discrimination claims are analyzed separately from ADEA and NYSHRL

9    claims.   *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013).

10   Under the NYCHRL, Rinaldi need only demonstrate "any causal link between age bias and [his]

11   firing."  *Velazco v. Columbus Citizens Found.*, 778 F.3d 409, 411 (2d Cir. 2015).   Given that

12   Rinaldi's only evidence of such a causal link is his supervisor's stray comment, no reasonable

13   factfinder could find that Rinaldi made this showing.   *See Mihalik*, 715 F.3d at 112 (finding that

14   a district court may grant summary judgment if there is no genuine dispute as to any material fact

15   regarding plaintiff's NYCHRL claim).

16   **II.      Unpaid Compensation Claims**

17        Rinaldi fails to show that he was entitled to incentive pay under NYLL § 191(1)(c) or

18   deducted wages under NYLL § 193.   Section 191(1)(c) provides, inter alia, that "[a] commission

19   salesperson shall be paid the wages . . . and all other monies earned or payable in accordance with

20   the agreed terms of employment."   *Id.* § 191(1)(c).   Rinaldi provides no details about the

21   company's sales commission plan or evidence that he met a specific sales goal or other target that

22   would have triggered the company's obligation to pay under Section 191(1)(c).   Section 193

4

1    concerns "deduction[s] from the wages of an employee." *Id.* § 193.  It is inapplicable here

2    because Rinaldi does not allege wage deductions.

3       **III.     Whistleblower Retaliation Claims**

4       We review the district court's grant of judgment on the pleadings de novo.  *Vega v.*

5    *Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015).  Applying this standard, we

6    find that the district court did not err in dismissing Rinaldi's retaliation claims under Dodd-Frank

7    or Section 740 because Rinaldi does not plausibly allege that he qualifies for whistleblower

8    protections under either statute.[8]

9       Rinaldi alleges that Defendants fired him in part because he spoke out about the company's

10   allegedly defective software and that as a result, he was entitled to federal and state whistleblower

11   protections.   With respect to his Dodd-Frank claim, Rinaldi does not plead, as is required, that his

12   report to the U.S. Securities and Exchange Commission "relat[ed] to a violation of the securities

13   law" or that the company was aware of the report before it fired him.   15 U.S.C. § 78u-6(a)(6)

14   (defining "whistleblower" as "any individual who provides . . . information relating to a violation

15   of the securities laws to the Commission, in a manner established, by rule or regulation, by the

16   Commission").   With respect to his Section 740 claim, Rinaldi failed to plead that the company's

17   practices violated any law, rule, or regulation or that the violation "poses a substantial and specific

18   danger to the public health or safety."   N.Y. Lab. Law § 740(2)(a); *see also Coyle v. Coll. of*

19   *Westchester, Inc.*, 166 A.D.3d 722, 724, 87 N.Y.S.3d 242, 244 (2d Dep't 2018) (holding that, for

20   pleading purposes, a plaintiff must allege a specific danger to the public health or safety).

---

[8] Rinaldi conceded in the district court that he had not satisfied the exhaustion requirements for a Sarbanes-Oxley claim.

1    **IV.    Discovery and Scheduling Claims**

2          We review a district court's discovery and scheduling rulings for abuse of discretion.  *See*

3    *Raniola v. Bratton*, 243 F.3d 610, 628 (2d Cir. 2001) (discovery); *see also Grochowski v. Phoenix*

4    *Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (scheduling).   "A district court abuses its discretion when

5    (1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its

6    decision—though not necessarily the product of a legal error or a clearly erroneous factual

7    finding—cannot be located within the range of permissible decisions."  *In re Fitch, Inc.*, 330 F.3d

8    104, 108 (2d Cir. 2003) (quoting *Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukr.*,

9    311 F.3d 488, 498 (2d Cir. 2002)).

10          a.   Discovery

11          The district court did not abuse its discretion by limiting Rinaldi's requests for additional

12    depositions and extensions of time because he offered no concrete particulars about what he

13    expected to obtain by conducting additional discovery and how it would advance his case.  *See*

14    *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Cos.*, 265 F.3d 97, 117 (2d Cir. 2001) (holding

15    that the district court did not abuse its discretion in denying a motion for additional discovery

16    where the moving party merely speculated about what could be discovered).

17          b.   Scheduling

18          The district court also did not abuse its discretion by denying Rinaldi more time to oppose

19    summary judgment.  The district court granted Rinaldi five extensions, totaling seven months,

20    before warning him that he would not be granted any additional time.   Moreover, after receiving

21    this warning, Rinaldi did not move for a sixth extension and subsequently filed his opposition

22    without objection.  *See Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (holding that

1    the district court did not abuse its discretion in denying plaintiff's motion to amend where plaintiff

2    was previously granted leave to amend four times).

3          Rinaldi's claim that the district court established a new erroneous legal standard in its order

4    denying him additional time to oppose summary judgment is similarly without merit.   The district

5    court's statement that it would "not rely on [Rinaldi's] legal analysis or research in deciding the

6    [summary judgment] motion" is most logically read to mean that the district court would not rely

7    exclusively on Rinaldi's legal research.   Order Granting Mot. for Extension of Time to File

8    Resp./Reply at 1, *Rinaldi v. NICE Ltd.*, No. 19-cv-424 (S.D.N.Y. Sept. 4, 2020), ECF No. 151.

9    Accordingly, the district court did not abuse its discretion in denying Rinaldi's motion.

10   **V.      Wrongful Discharge Law**

11         Finally, we decline to consider the relevance of the "Just Cause" provision of New York

12   City's Wrongful Discharge Law[9] to this case because Rinaldi did not raise this issue until appeal

13   and "it is a well-established general rule that an appellate court will not consider an issue raised

14   for the first time on appeal."   *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994).

15         We have considered all of Rinaldi's remaining arguments and find them to be without

16   merit.   Accordingly, we **AFFIRM** the judgment of the district court.

17                                            FOR THE COURT:
18                                            Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit